AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>VERIZON LG MODEL: LG-VE170 FLIP PHONE (BLACK), LOCATED AT DEA, 3821 COLONEL GLENN HIGHWAY, BEAVERCREEK, OHIO | ) ) ) ) ) ) Case No. 3:18 mj 775<br><br>MICHAEL J. NEWMAN |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____Ohio_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____MICHAEL J. NEWMAN_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __12-4-18 @ 2:20__   _____
Judge's signature

City and state: __DAYTON, OHIO__   __JUDGE WALTER H. RICE U.S. DISTRICT COURT__
*Printed name and title*

## ATTACHMENT A

### ITEM TO BE SEARCHED

**Subject Device 1** is a Verizon LG Model: LG-VE170 Flip Phone (Black) Serial Number: 708CQQX2531876, wireless telephone, and is currently located at the Drug Enforcement Administration, 3821 Colonel Glenn Highway, Beavercreek, Ohio.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence of a crime—namely, violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances). Items to be seized include, but are not limited to, the following documents, digital media, electronic data and records:

1. Call histories, voicemails, contacts or other call logs and information relating to or concerning drug trafficking activity or the sale of illegal drugs including, but not limited to: drug quantities; drug prices; drop locations for money or narcotics; the location of stash houses or bank accounts; the identity or contact information for coconspirators; the purchase, possession or acquisition of assets such as cars, homes, or jewelry; directions to meeting locations.

2. Text messages, SMS, or other written communications or information concerning or relating to the trafficking or distribution of narcotics, including, but not limited to: drug quantities; drug prices; drop locations for money or narcotics; the location of stash houses or bank accounts; the identity or contact information for coconspirators; the purchase, possession or acquisition of assets such as cars, homes, or jewelry; directions to meeting locations.

3. Photographs, videos or other electronic media relating to or depicting the trafficking or distribution of illegal drugs, including, but not limited to: firearms, bulk cash, illegal drugs, associates or other coconspirators, homes or potential stash houses.

4. Evidence of user attribution, including any matter establishing indicia of ownership or use of the cellular telephones, including, but not limited to, photographs, videos, text messages, contacts, call history, logs, phonebooks, saved usernames and passwords, documents, and browsing history.

5. GPS history or applications that have map functions or provide driving directions, which may provide information relating to the location of stash houses or the locations of conspirators.

6. Records evidencing the use of any Internet Protocol address to communicate with any website, including records of Internet Protocol addresses used and records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.